IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY L. JOHNSON, | § | |
| TDCJ #542461, | § | |
|        Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1770 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
|        Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Harry L. Johnson is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition under 28 U.S.C. § 2254, seeking federal habeas corpus relief from a 1990 state court conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** without prejudice for reasons set forth below.

## I.    BACKGROUND

Johnson challenges a judgment entered against him in 1990 by the 230th District Court of Harris County, Texas. In cause number 543659, Johnson was convicted following a bench trial on charges of unauthorized use of a motor vehicle. As a habitual offender, Johnson received a sentence of twenty-five years' imprisonment. A state intermediate court of appeals affirmed the conviction in an unpublished opinion. *See Johnson v. State*, No. 01-90-00316-CR, 1991 WL 123554 (Tex. App. — Houston [1st Dist.] June 27, 1991, no pet.).

The pending federal habeas corpus petition is dated May 23, 2006.  In that petition,

Johnson argues that he is "actually innocent" because his sentence is "void."  Johnson

maintains that the State used an invalid prior felony conviction to enhance his punishment

as a habitual offender. He insists, therefore, that his sentence is illegal.  The Court concludes

that the petition must be dismissed for reasons set forth below.

## II.    SUCCESSIVE APPLICATIONS

Johnson concedes that he has filed more than one prior federal habeas corpus petition.

On January 2, 1997, Johnson's first federal habeas corpus proceeding was dismissed without

prejudice for failure to exhaust state court remedies.  *See Johnson v. Johnson*, Civil Action

No. H-96-0771 (S.D. Tex.).  On December 7, 1999, Johnson's second federal habeas corpus

was denied on the merits and dismissed with prejudice on the respondent's motion for

summary judgment.  *See Johnson v. Johnson*, Civil Action No. H-98-0465 (S.D. Tex).

Johnson did not file an appeal from that decision.  A third federal habeas proceeding filed

by Johnson has been dismissed as an unauthorized successive writ application.  *See Johnson*

*v. Cockrell*, Civil Action No. H-02-4446 (S.D. Tex. Dec. 17, 2002).  The Fifth Circuit denied

Johnson's request for a certificate of appealability from that decision.

The AEDPA, codified as amended at 28 U.S.C. § 2244(b), was enacted to make it

"significantly harder for prisoners filing second or successive federal habeas applications

under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims."  *Graham v.*

*Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000).  In that

respect, before a second or successive application permitted by this section is filed in the

district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d at 235. Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id*.; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  Because the claims presented by Johnson could have been raised previously, the petition meets the "second or successive" criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*.  *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is a successive application prohibited by the AEDPA's amendments, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application.  28 U.S.C. § 2244(b)(3)(A).  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  The petitioner has not presented the requisite

uthorization.  Because he has not shown any authorization from the Fifth Circuit, this Court

lacks jurisdiction over his claims.  *Id.* at 775.  Accordingly, his petition must be dismissed

without prejudice to re-filing if proper authorization from the Fifth Circuit is shown.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA,

codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an

appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that

actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability),

*cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional

prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues

a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring

further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court concludes that jurists of reason would not debate whether the procedural ruling

in this case was correct or whether the petitioner has stated a valid claim.  Accordingly, to

the extent that one is needed, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the petitioner is not entitled to the relief that he seeks.

Accordingly, the Court **ORDERS** as follows:

1.      The petitioner's motion for leave to proceed *in forma pauperis* (Doc. #2) is **GRANTED**.

2.      This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction.

3.      A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on **May 25, 2006.**


Nancy F. Atlas
United States District Judge